IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artis Gipson, | No. CV 09-0389-PHX-SRB (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Artis Gipson. Doc. #1. Following a jury trial in Maricopa County Superior Court in 2003[1], Petitioner was convicted of First Degree Felony Murder, four counts of Armed Robbery and one count of Prohibited Possession of Weapons. Doc. #15 Exh. B. On December 5, 2003, Petitioner was sentenced to natural life in prison without the possibility of parole for the murder conviction, concurrent terms of 21 years for

---

[1] Petitioner's first trial began on September 16, 2003. Doc. #15, Exh. C at 2-3. At the end of the trial, the jury was unable to reach a verdict and the trial court declared a mistrial. Id. The second trial began on October 16, 2003. Id. At the end of the second trial, the jury returned guilty verdicts on all counts. Id.

each of the four armed robbery convictions, and a concurrent term of 3.75 years for the weapons conviction. Id.

Through counsel, Petitioner filed a direct appeal in the Arizona Court of Appeals. Doc. #15, Exh. C. After the State filed an answering brief, the Court of Appeals issued a Memorandum Decision on July 26, 2005, in which it denied Petitioner's claims and affirmed his convictions and sentences. Doc. #15, Exh. D, E. On October 19, 2005, Petitioner filed a *pro se* Petition for Review before the Arizona Supreme Court. Doc. #15, Exh. F, G. The Court summarily denied the petition on April 14, 2006. Doc. #15, Exh. H. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

While his case was still pending on direct review, Petitioner filed a Notice of Petition for Post-Conviction relief in the trial court in December 2003. Doc. #15, Exh. I. Petitioner later moved to dismiss the post-conviction proceedings, which the trial court granted on March 9, 2004. Doc. #15, Exh. J.

Petitioner filed a second Notice of Post-Conviction Relief on April 24, 2006, shortly after the Arizona Supreme Court denied direct review but before the time expired to file a petition for writ of certiorari in the United States Supreme Court. Doc. #15, Exh. K. The trial court appointed counsel to represent Petitioner on May 15, 2006. Doc. #15, Exh. L. On October 12, 2006, Petitioner's counsel filed a Notice of Completion in which he stated that he could find no viable claims for relief to raise on Petitioner's behalf in a post-conviction petition. Doc. #15, Exh. M. Counsel further requested that the court grant Petitioner a 30-day extension to file a *pro se* petition for post-conviction relief. Id.

Petitioner filed a *pro se* Petition for Post-Conviction Relief on November 28, 2006. Doc. #15, Exh. N. In a Minute Entry dated March 29, 2007, the trial court denied relief on all claims except one. Doc. #15, Exh. Q. The court scheduled an evidentiary hearing on the one claim that it found to be colorable and ordered the same lawyer who filed the Notice of Completion to represent Petitioner at the evidentiary hearing. Id. The trial court held the evidentiary hearing on August 10, 2007, and determined at that time that Petitioner failed to

present a valid claim of ineffective assistance of counsel. Doc. #15, Exh. R. The court therefore denied relief. Id.

On August 28, 2007, Petitioner filed a Motion to Extend Time to File Petition for Review for Post-Conviction Relief, in which he sought a 45-day extension of the deadline for filing a petition for review. Doc. #15, Exh. T. The trial court granted the motion. Doc. #15, Exh. U. Although the court did not identify specific dates, granting the motion extended the deadline from September 9, 2007, to October 24, 2007. See Ariz.R.Crim.P. 32.9(c) (petition for review due within 30 days of the trial court's decision on petition for post-conviction relief); Doc. #15 at 12. Apparently on the same day he submitted the motion to extend time, Petitioner also submitted a Motion Requesting Aug. 10, 2007, Evidentiary Hearing Transcript. Doc. #15, Exh. BB at Exh. E. In a Minute Entry dated September 5, 2007, the trial court explained that it was forwarding the motion to Petitioner's counsel so he could file an appropriate written application for the transcript. Doc. #15, Exh. V.

On October 24, 2007, Petitioner filed another Motion to Extend Time to File Petition for Review. Doc. #15, Exh.W. He argued that his lawyer had not contacted him and that he did not yet have a copy of the transcript of the evidentiary hearing. Id. On October 31, 2007, the trial court issued a Minute Entry denying the motion for a further extension. Doc. #15, Exh. X. The court explained that it had previously granted a 45-day extension, that the previous extension had expired and that the new motion was filed after the previous extension expired.[2] Id. The court also admonished Petitioner for filing his motion *ex parte* and explained that it is not permitted to consider motions that have not been provided to the other side. Id.

---

[2] The trial court did not include any dates in its minute entry. As explained above, and as conceded by Respondents, by granting the first request for an extension, the trial court extended the deadline to file the petition for review from September 9, 2007, to October 24, 2007. Doc. #15 at 12. Petitioner submitted his motion for a second extension on October 23, 2007, and it was filed on October 24. Thus, the basis for the trial court's finding that the second motion was filed after the first extension expired is unclear.

1 On November 14, 2007, Petitioner submitted a *pro se* Petition for Review in the
2 Arizona Court of Appeals. Doc. #15, Exh. Y. On November 20, 2007, the Court of Appeals
3 dismissed the petition as untimely and explained that Petitioner could seek permission for an
4 untimely filing from the trial court. Doc. #15, Exh. AA. On November 28, 2007, Petitioner
5 submitted a motion to the trial court seeking leave to file an untimely petition for review.
6 Doc. #15, Exh. BB (December 14, 2007, shown as motion filig date). On December 14,
7 2007, the trial court denied the motion and again stated that the previously granted 45-day
8 extension had expired and that Petitioner's new request for an extension was filed too late.
9 Doc. #15, Exh. CC. In the meantime, on December 10, 2007, Petitioner submitted a Motion
10 to Extend Time to File a Petition for Review to the Arizona Court of Appeals. Doc. # 15,
11 Exh. EE. After initially granting the motion, the Court of Appeals issued an Amended Order
12 on December 20, 2007, treating Petitioner's request as a motion for reconsideration. Doc.
13 #15, Exh. GG. The Court reiterated that he could seek permission to file a delayed petition
14 in the trial court if he believed the late filing was not his fault. Id. The Court then denied
15 his motion. Id.

16 On January 4, 2008, Petitioner submitted a Motion Requesting a Review of the Denial
17 of the Motion to Extend Time to File a Petition for Review. Doc. #15, Exh. HH. It appears
18 Petitioner sent this to both the trial court and the Court of Appeals. Doc. #15 at 16. The trial
19 court construed it as a motion for reconsideration and denied it summarily. Doc. #15, Exh.
20 II. The Court of Appeals denied the petition and again explained to Petitioner that to file a
21 delayed petition for review, he must seek permission from the trial court. Doc. #15, Exh. JJ.

22 On January 18, 2008, Petitioner submitted a Petition for Review for Post-Conviction
23 Relief in the Arizona Supreme Court, along with a Motion to Extend the Page Limit. Doc.
24 #15, Exh. LL, MM. The Court granted Petitioner's request to exceed the page limit on
25 January 31, 2008. Doc. #15, Exh. OO. On April 16, 2008, the Court summarily denied the
26 petition for review. Doc. #15, Exh. PP.

27
28

On February 23, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this court.[3] Doc. #1. Petitioner alleges 17 grounds for relief.[4] The individual claims are listed in the screening order and need not be repeated here. Doc. #4 at 2-3. On May 29, 2009, Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses. Doc. #15. Petitioner filed a Reply to Respondents' Answer on June 22, 2009. Doc. #16.

**DISCUSSION**

Respondents contend that the habeas petition should be dismissed because it was not filed within the statute of limitations period. Alternatively, Respondents argue that all but two of Petitioner's claims are procedurally defaulted. Petitioner responds to both of these affirmative defenses in his reply. Because the information presented establishes that the habeas petition was filed after the statute of limitations expired, the court finds that the petition is barred and recommends that the petition be denied on that basis.

**A.  Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[3] The petition was actually filed in the court on February 25, 2009, but under the prison mailbox rule the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

[4] In the petition itself, Petitioner identifies grounds 1 through 11 and 13 through 17. In the memorandum accompanying the petition, Petitioner also includes a ground 12. Doc. #3 at 37-38.

>   of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

However, state post-conviction petitions rejected as untimely by the state court are not "properly filed" under § 2244(d)(2), and do not toll the statute of limitations. Pace v. DiGuglielmo, 544 U.S, 408, 417 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

The statute of limitations under AEDPA may be subject to equitable tolling. Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002). However, as a general rule, equitable tolling is not available in most cases and may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

**B.     Application**

Here, the Arizona Supreme Court denied direct review on April 14, 2006, and under United States Supreme Court Rule 13, Petitioner had ninety days from that date to file a petition for writ of certiorari. Accordingly, under 28 U.S.C. § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of that time period, which was July 13, 2006. Absent any tolling, the statute of limitations would have begun to run the following day. Petitioner, however, filed a notice of post-conviction relief on April 24, 2006, thus tolling the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).

The trial court dismissed the petition for post-conviction relief on August 10, 2007, the same day as the evidentiary hearing. The trial court subsequently granted Petitioner's request to extend until October 24, 2007, the time to file a petition for review in the Arizona Court of Appeals. Petitioner, however, did not file a petition for review by October 24, and instead sought another extension of time, which the trial court denied.[5] Petitioner then filed his petition for review on November 14, 2007. Four days later, the Court of Appeals denied the petition for review as untimely, finding that Petitioner failed to comply with the time limit set forth under Arizona law. Consequently, "that [is] the end of the matter" for purposes of statutory tolling under § 2244(d)(2). See Pace, 544 U.S. at 414.

Petitioner's untimely petition for review in the Court of Appeals was not "properly filed" under § 2244(d)(2). As a result, the time period after the October 24, 2007, deadline was not tolled and the statute of limitations began to run. See Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005) ("Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."). The

---

[5] What appears to be a mistaken finding by the trial court that Petitioner filed his second motion for an extension after the first extension expired does not change the analysis. The trial court provided other reasons for denying the motion, including the fact that it had previously granted a 45-day extension. Moreover, Petitioner should have been prepared for the possibility that the second motion to extend time to file a petition for review would be denied, regardless of the reason. Instead, he waited until three weeks after the October 24 deadline to file his petition for review.

- 7 -

1 limitations period then expired one year later on October 24, 2008.[6]  Petitioner filed his
2 habeas petition in the federal court on February 23, 2009, 122 days after the limitations
3 period expired.  The petition is therefore untimely.

4 Petitioner has not alleged in his petition or reply that equitable tolling of the limitations period should be applied here.  Based on the information presented here, the court finds no basis to conclude that extraordinary circumstances beyond Petitioner's control prevented him from filing a timely petition.

**C.     Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations.  The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The

---

[6] The timely petition for review to the Arizona Supreme Court in January 2008 had no tolling effect.  The Court summarily denied the petition without explanation. It is presumed that the Arizona Supreme Court's summary denial rested on the same ground as the last reasoned state court judgment.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (where the last reasoned state court decision relies on a procedural bar, it is presumed that a subsequent unexplained decision did not silently disregard the procedural bar and consider the merits).  Here, the last reasoned state court decision was the Court of Appeals order denying the petition for review as untimely.  As such, the statute of limitations continued to run uninterrupted until October 24, 2008.

| | |
|---|---|
| 1 | parties shall have 14 days from the date of service of a copy of this recommendation within |
| 2 | which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R. |
| 3 | Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response |
| 4 | to the objections. Failure to timely file objections to the Magistrate Judge's Report and |
| 5 | Recommendation may result in the acceptance of the Report and Recommendation by the |
| 6 | district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 |
| 7 | (9th Cir. 2003). Failure to timely file objections to any factual determinations of the |
| 8 | Magistrate Judge will be considered a waiver of a party's right to appellate review of the |
| 9 | findings of fact in an order of judgement entered pursuant to the Magistrate Judge's |
| 10 | recommendation. <u>See</u> Fed. R. Civ. P. 72. |
| 11 | DATED this 15th day of January, 2010. |

*[signature]*
Edward C. Voss
United States Magistrate Judge